UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA DURTCHE,

        Plaintiff,                                     Hon. Robert Holmes Bell

v.                                                        Case No. 1:12-CV-1181

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act. (Dkt. #29). Plaintiff's counsel seeks $2,982.50 in fees and costs, as detailed in her application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984). Defendant has not opposed the present motion.

Plaintiff initiated the present action on October 29, 2012. On March 12, 2014, the undersigned recommended that the Commissioner's decision be reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). This recommendation was subsequently adopted by the Honorable Robert Holmes Bell. Plaintiff's counsel now moves the Court for an award of attorney's fees pursuant to the EAJA. In her application, counsel seeks an award of $2,982.50. Specifically, counsel seeks to recover $2,825.00 in attorneys fees (22.6 hours multiplied by an hourly rate of $125.00) and $157.50 for work performed by a paralegal (2.1 hours multiplied by an hourly rate of $75.00).

The Court finds the amount of hours expended in this matter to be reasonable and appropriate. The Court likewise finds reasonable the hourly rate requested by counsel. *See* 28 U.S.C. § 2412(d)(2)(A); *Begley v. Secretary of Health and Human Services*, 966 F.2d 196, 199 (6th Cir. 1992); *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). Finally, the Court notes that Plaintiff is also entitled to recover the reasonable cost for legal assistant or paralegal services. *See, e.g., Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011); *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571, 581

(2008). The Court finds that recovery of such expenses at the rate of $75.00 per hour is reasonable. Accordingly, the undersigned recommends that EAJA fees and costs be awarded in the amount of $2,982.50 ($125 multiplied by 22.6 hours plus $75 multiplied by 2.1 hours). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the undersigned further recommends that this amount be paid to Plaintiff not her attorney.

In *Astrue*, a Social Security claimant prevailed on her claim for benefits after which her attorney moved for an award of fees under the EAJA. *Id.* at 589. The fee request was granted, but before the award was paid the United States discovered that the claimant "owed the Government a debt that predated the District Court's approval of the award." The United States, therefore, sought an administrative offset (expressly permitted by statute) against the fees award to satisfy part of the claimant's debt. *Id.* The claimant's attorney subsequently intervened in the matter opposing the Government's position. *Id.* at 590. The district court found that counsel lacked standing to challenge the offset. The Eighth Circuit reversed, concluding that the fee award was payable to the claimant's attorney. The Supreme Court agreed to review the case to resolve a circuit split on the question. *Id.* at 590-91.

The Supreme Court, based on a straightforward interpretation of the relevant statutory text, concluded that the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 591-93. The Court concluded that the "Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a different conclusion." *Id.* at 597. As the Court observed, the Government "most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney" and "has since continued the direct payment [to attorneys] only in cases where

the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.*

Several courts have subsequently concluded that while *Astrue* makes clear that an award of EAJA fees is payable to the claimant (i.e., it is the claimant's property), nothing in the *Astrue* decision prevents or renders invalid an otherwise appropriate assignment of EAJA fees by a claimant to her attorney. *See, e.g., Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir., Aug. 5, 2011); *Cowart v. Commissioner of Social Security*, 795 F.Supp. 2d 667 (E.D. Mich., June 13, 2011). While the Court does not necessarily disagree with this particular conclusion, such does not justify payment of an EAJA award directly to counsel.

Counsel has included with her motion a copy of a document, titled "Contingent Fee Agreement and Assignment of Equal Access to Justice Attorney Fees and Costs," in which Plaintiff agrees that any EAJA fees "be paid directly to" counsel. (Dkt. #30). While the Court does not question the authenticity of this document, the fact remains that this Court has not been called upon to adjudicate or render a decision concerning Plaintiff's contractual obligations to her attorney. Awarding payment directly to Plaintiff's counsel would, in effect, constitute a determination regarding Plaintiff's contractual obligation to her attorney despite the fact that this particular issue is not properly before the Court. To so act could adversely impact the rights of individuals and/or entities not presently before the Court. Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not her attorney, and the Court declines to disregard such clear and controlling direction.

Accordingly, the undersigned recommends that Plaintiff's motion for fees and costs pursuant to the EAJA be **granted**, but that such fees be paid directly to Plaintiff.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act</u>, (Dkt. #29), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff be awarded two thousand, nine hundred eighty-two dollars and fifty cents ($2,982.50) in fees and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: February 27, 2015    /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge